## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

DAVID PETERMAN, AS ) 
ADMINISTRATOR OF THE ) 
ESTATE OF DEANNA PETERMAN, ) 
Deceased, and DAVID PETERMAN, ) 
       ) 
     **Plaintiff,** ) 
       ) 
     **v.** )    **No.  13-3320** 
       ) 
THE UNITED STATES OF ) 
AMERICA, ) 
       ) 
     **Defendant.** ) 

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant United States of America's Motion to Dismiss Counts IV, V, VI, VIII, and X of Plaintiff's Complaint (d/e 9) and Motion to Strike Prayer for Attorney's Fees (d/e 10).  The Motion to Dismiss is DENIED.  Plaintiff exhausted his administrative remedies with regard to his claims alleging willful and wanton conduct and intentional infliction of emotional distress.  The Motion to Strike Prayer for Attorney's Fees is also DENIED.  Plaintiff could have a basis for attorney's fees

under 28 U.S.C. § 2412(b) should he prevail and should the

Defendant act in bad faith.

## I. BACKGROUND

In September 2013, Plaintiff David Peterman, as Administrator

of the Estate of Deanna Peterman and David Peterman,

individually, filed a Complaint against the United States of

America.[1]  The Complaint alleges that on November 15, 2011,

William Gregg, an agent and employee of the Federal Deposit

Insurance Corporation ("FDIC") acting in the course and scope of

his employment, was operating a motor vehicle traveling westbound

on Route 125 in Beardstown.  Mr. Gregg's vehicle crossed into

Plaintiff's lane of traffic and struck the front of Plaintiff's vehicle,

which had been traveling eastbound on Route 125.  Plaintiff's wife,

Deanna Peterman, was a passenger in Plaintiff's vehicle, and she

suffered serious injuries that resulted in her death.  Plaintiff

suffered extensive physical injuries and property damage.

---

[1] David Peterman is bringing the claim on his own behalf and on behalf of the estate of Deanna Peterman.  All of the parties refer to him with the designation "Plaintiff" as opposed to "Plaintiffs."  The Court will therefore do the same.

On August 12, 2012, Plaintiff's attorney submitted a Standard Form 95 ("Administrative Claim") to the FDIC. On September 4, 2012, Plaintiff's attorney submitted an Amended Standard Form 95 to the FDIC ("Amended Administrative Claim"). Although not attached to the Complaint, the Court considers the Administrative Claim, Amended Standard Form 95, and attachments thereto submitted by Defendant because the Court can take judicial notice of matters in the public record and can consider matters attached to and referred to in the complaint that are central to the plaintiff's claim. See Palay v. United States, 349 F.3d 418, 425 n. 5 (7th Cir. 2003) (finding that the district court could examine the claim form when resolving a motion to dismiss under Rule 12(b)(6) because the court can take judicial notice of matters in the public record); Hecker v. Deere & Co., 556 F.3d 575, 582 (7th Cir. 2009) (holding that a court can consider matters attached to and referred to in the complaint that are central to the plaintiff's claim).

The Administrative Claim and Amended Administrative Claim contained the following "Basis of Claim:"

> This is a claim for personal injury, survival, family expense, negligent infliction of emotional distress, and wrongful death brought by David Peterman, individually and as Administrator of the Estate of Deanna Peterman. On November 15, 2011, Mr. Peterman was traveling Eastbound on Route 125 approximately 613 feet east of Clayton Road in Beardstown, Illinois. At the same time, William Greg[g], an employee of the Federal Deposit Insurance Corporation, was traveling Westbound on Route 125 approximately 613 feet east of Clayton road when he crossed over the center lane and struck the front of Mr. Peterman's vehicle. As a result of the negligence of Mr. Gregg, David Peterman was severely and permanently injured and Deanna Peterman suffered grievous injuries which resulted in her death. This action is brought for damages at law for personal injury, survival, family expense, negligent infliction of emotional distress, and wrongful death suffered by David Peterman, Individually, and as Administrator of the Estate of Deanna Peterman, deceased, including all next of kin. See attached.

See d/e 23-1, p. 3 (Bates stamped "USA 00003"); d/e 23-3, p. 52

(Bates stamped "USA 00358").

Plaintiff attached the following to the original Administrative

Claim: proof of representation, proof of property damage, Deanna

Peterman's death certificate, accident reports, medical bills,

photographs, and prior litigation materials, which included an April

2012 complaint filed against William Gregg in state court. See d/e

23-1(Bates stamped "USA 00001") (letter identifying the attachments)[2].

In the section of the claim form asking about the nature and extent of the injury, Plaintiff asserted he suffered from injuries to his chest, penis, leg, head, and back, in addition to post-traumatic-stress syndrome and depression.  Deanna Peterman suffered multiple traumatic injuries and pain, suffering, and agony that preceded her death.  Plaintiff sought damages totaling $4,474.882.50, which consisted of $10,359.84 for property damage, $3,464,522.66, for personal injury damages, and $1 million for wrongful death.  See d/e 23-3, p. 52 (Bates stamped "USA 00358").

On September 6, 2013, Plaintiff filed the Complaint in this Court pursuant to the provisions of the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. § 1346(b); 28 U.S.C. §§ 2671-2680 (addressing tort claim procedures).  The Complaint contains six claims brought by Plaintiff as administrator of the estate of Deanna

---

[2] Defendant attached the Administrative Claim and Amended Administrative Claim, without attachments, to the Motion to Dismiss.  Because the "Basis of Claim" stated "see attached," the Court directed Defendant to file the attachments.  At that time, the Court did not know whether the attachments would include an additional factual recitation of the claim or merely include documents such as medical records.

Peterman: Wrongful Death-Negligence (Count I); Survival-Negligence (Count II); Family Expense-Negligence (Count III); Wrongful Death-Willful and Wanton Conduct (Count IV); Survival-Willful and Wanton Conduct (Count V); and Family Expenses-Willful and Wanton Conduct (Count VI). Plaintiff brings four claims on his own behalf: Comparative Negligence (Count VII); Willful and Wanton Conduct (Count VIII); Negligent Infliction of Emotional Distress (Count IX); and Intentional Infliction of Emotional Distress (Count X). Plaintiff seeks money damages in the amount of $4,474.882.50. In addition, Plaintiff seeks "recovery of all costs and any recoverable attorneys' fees incurred by Plaintiff in this civil action[.]" Compl., Prayer for Relief, p. 24.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff's claims are based on federal law. <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because the events giving rise to the claim occurred in Cass County. <u>See</u> 28 U.S.C. § 1402(b) (a civil action against the

United States under 28 U.S.C. § 1346(b) may only be brought in the judicial district where the plaintiff resides or where the act or omission complained of occurred); CDIL-LR 40.1(B) (providing that complaints in cases arising from Cass County shall be filed in the Springfield Division).

### III. LEGAL STANDARD

Defendant brings the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting lack of jurisdiction. However, the FTCA's exhaustion requirement is not jurisdictional. See Glade ex rel. Lundskow v. United States, 692 F.3d 718 (7th Cir. 2012).  Therefore, Defendant's Motion is more appropriately brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Palay v. United States, 349 F.3d 418, 424 (7th Cir. 2003) (noting cases that suggest that issues relating to statutory prerequisites to suit and a plaintiff's statutory right to relief are dealt with pursuant to Rule 12(b)(6) at the pleading stage); Bell v. United States, 2014 WL 5553111, at *2 (E.D. Wis. Feb. 12, 2014) (addressing motion to dismiss for failure to exhaust administrative remedies under Rule 12(b)(6)).

Pursuant to Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief. Fed.R.Civ.P. 8(a)(2). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient. Id.

## IV. ANALYSIS

Defendant moves to dismiss the willful and wanton and intentional infliction of emotional distress claims on the ground that Plaintiff failed to exhaust his administrative remedies. See Compl. counts IV (Wrongful Death-Willful and Wanton Conduct), V (Survival-Willful and Wanton Conduct), VI (Family Expenses-Willful and Wanton Conduct), VIII (Willful and Wanton Conduct), and X

(Intentional Infliction of Emotional Distress).  Defendant also moves to strike Plaintiff's request for attorney's fees.

Illinois law governs Plaintiff's FTCA claims.  28 U.S.C. § 1346(b)(1) (predicating FTCA liability "in accordance with the law of the place where the act or omission occurred"); <u>Midwest Knitting Mills, Inc. v. United States</u>, 950 F.2d 1295, 1297 (7th Cir. 1991) (holding that the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred").  No separate and independent tort of willful and wanton conduct exists under Illinois law.  <u>Krywin v. Chicago Transit Auth.</u>, 238 Ill. 2d 215, 235 (Ill. 2010).  Instead, willful and wanton "is regarded as an aggravated form of negligence."  <u>Id.</u>

Therefore, to recover on a claim based on willful and wanton conduct, a plaintiff must plead duty, breach, and that the breach was the proximate cause of the plaintiff's injury.  <u>Id.</u> at 236.  The plaintiff must also allege "a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff."  <u>Doe ex rel. Ortega-Prion v. Chicago Bd. of Educ.</u>, 213 Ill. 2d 19, 28 (2004).  To plead an intentional infliction of emotional

distress claim, a plaintiff must allege (1) extreme and outrageous conduct; (2) that the actor either intended that his conduct inflict severe emotional distress or knew there was at least a high probability that his conduct would cause severe emotional distress; and (3) the conduct must cause severe emotional distress.  McGrath v. Fahey, 126 Ill. 2d 78, 86 (1988).

## A.  Plaintiff Exhausted His Administrative Remedies

The FTCA waives the United States' sovereign immunity from tort suits.  Levin v. United States, 133 S. Ct. 1224, 1228 (2013). Moreover, the FTCA gives federal courts exclusive jurisdiction over civil actions against the United States for property loss or injury, personal injury, or death that is caused by the negligent or wrongful act of a governmental employee acting within the scope of his employment or action.  28 U.S.C. § 1346(b)(1).

A plaintiff may not bring a civil action in federal court, however, unless he first presents his claim to the appropriate federal agency and the agency denies the claim.  See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they

have exhausted their administrative remedies.").  The purpose of

the exhaustion requirement is to allow the agency to evaluate the

tort claims and settle those that are found to be meritorious.  <u>See</u>

<u>McNeil</u>, 508 U.S. at 112, n.7.

A claim is presented to an agency when the agency receives an

executed Standard Form 95 or other written notification of the

incident. 28 C.F.R. § 14.2(a). The claim or other written notification

must be accompanied by a claim for money damages in an amount

certain, the title or legal capacity of the person signing, and

evidence of the signator's authority to present the claim on behalf of

the claimant.  <u>Id.</u>

The claim must be presented in writing to the appropriate

Federal agency within two years after the claim accrues.  28 U.S.C.

§ 2401(b).  The plaintiff must file suit within six months of the

agency's denial of the claim.  <u>Id.</u>  If the agency fails to make a final

disposition of the claim within six months of its filing, the claimant

has the option of deeming the claim denied, in which case the

claimant may file suit.  28 U.S.C. § 2675(a).  The claim may be

amended any time prior to the final agency decision or the

claimant's exercise of the option to deem the claim denied under § 2675(a). <u>See</u> 28 C.F.R. § 14.2(c).

Defendant argues that Plaintiff's Administrative Claim failed to indicate that he was making a claim for any willful or wanton conduct or the intentional infliction of emotional distress. Defendant further argues that the Administrative Claim does not describe any facts that would support such claims. Therefore, Defendant seeks to dismiss the counts of Plaintiff's Complaint that include claims for willful and wanton conduct and the intentional infliction of emotional distress.

Plaintiff responds that he is not required to set forth legal theories in his administrative claim. Plaintiff argues that the facts set forth in the Administrative Claim make it clear to a legally sophisticated reader that "the facts in this case could warrant an allegation of willful and wanton conduct, as well as intentional infliction of emotional distress" because Plaintiff alleged that Mr. Gregg crossed the center line of traffic and struck Plaintiff's vehicle. Resp., d/e 12, p. 2.

Plaintiff is correct that, to exhaust his administrative remedies under the FCTA, a plaintiff is not required to plead legal theories on the Standard Form 95. <u>Palay</u>, 349 F.3d at 425; <u>Murrey v. United States</u>, 73 F.3d 1448, 1452 (7th Cir. 1996) (noting that "the claim encompasses any cause of action fairly implicit in the facts"). Instead, he must plead facts, and the Form 95 is entitled to a "generous construction." <u>Palay</u>, 349 F.3d at 425. If the claim is apparent to a "legally sophisticated reader," the court charges the agency with notice of the claim and considers the claim exhausted. <u>Id.</u> (holding that the claim must give the agency sufficient notice to enable the agency to investigate the claim).

The distinction between pleading a legal theory and pleading sufficient facts to put the agency on notice of the claim is explained in <u>Palay</u>. In <u>Palay</u>, the plaintiff submitted a Form 95 to the Bureau of Prisons ("BOP") that described the incident giving rise to his injuries. The plaintiff recounted the gang fight and described his injuries. The plaintiff also asserted that BOP failed to protect him and failed to keep hostile gangs separated from each other. <u>Palay</u>, 349 F.3d at 422. The plaintiff attached to his Form 95 a letter from

his attorney in which the attorney noted that the plaintiff had been transferred to a new unit and was injured shortly after his transfer. The Seventh Circuit found that these facts were sufficient to alert BOP to the presence of a claim for negligent reassignment.  Id. at 426.  In particular, the Court found that the letter noting the transfer and its temporal nexus to the incident gave a legally sophisticated reader reason to believe there was a connection between the plaintiff's reassignment and the harm he later suffered. Id.  The Court found it was not dispositive that the plaintiff did not explicitly state that the transfer was inappropriate because that was implicit from the facts.  Id.

In contrast, the Seventh Circuit found that the Form 95 did not, however, put BOP on notice of a medical malpractice claim.  Id. Although the plaintiff described the injuries he sustained during the incident and the continuing effects, he stated no facts suggesting that he received inadequate medical treatment.  Id. at 427.

In this case, the Administrative Claims alleged that Mr. Gregg crossed over the center lane and struck the front of Plaintiff's vehicle, resulting in the death of Plaintiff's wife and severe injuries

to Plaintiff.  This allegation alone is sufficient to put a legally sophisticated reader on notice of the connection between the alleged injury and the specific conduct that Plaintiff is asserting as a basis for his claims, whether that conduct was negligent, willful and wanton, or intentional.  Unlike the medical malpractice claim in Palay, Plaintiff's willful and wanton and intentional infliction of emotional distress claims are not based on a separate set of facts than those set forth in the Administrative Claim.  Deloria v. Veterans Admin., 927 F.2d 1009 (7th Cir. 1991) (holding that "a plaintiff cannot 'present one claim to the agency and then maintain suit on the basis of a different set of facts'"), citing Dundon v. United States, 559 F.Supp. 469, 476 (E.D.N.Y. 1983).

Moreover, the attachments to the Administrative Claims further put the agency on notice of the willful and wanton claims and intentional infliction of emotional distress claim.  See Murrey, 73 F.3d at 1452-53 (noting that the narrative facts need not be confined to the form and the form invites supplementation with additional pages); Palay, 349 F. 3d at 426 (noting that by attaching a letter from his attorney to the Form 95, the plaintiff made the

letter a part of his Form).  The accident report notes that Mr.

Gregg's vehicle crossed the center line of the roadway, continued

west in the eastbound lane of travel, and struck the front passenger

side of Plaintiff's vehicle.  <u>See</u> Level B Traffic Crash Reconstruction

Report, d/e 23-1, p. 35 (Bates stamped "USA 00035").  Roadway

defects, mechanical failure, view obstructions, or weather were not

contributing factors in the crash.  <u>Id.</u> at 40 (Bates stamped "USA

00040").  After the accident, Mr. Gregg stated he did not know what

happened and that he "'zones out' every so often."  <u>Id.</u> at 44 (Bates

stamped "USA 00044").

These facts suggest that willful, wanton, or intentional

conduct may have caused Mr. Gregg to cross the center line and

strike Plaintiff's vehicle instead of weather or road conditions.

Moreover, the fact that Mr. Gregg admitted he "zones out" on

occasion may show a reckless disregard for the safety of others by

continuing to drive despite a tendency to "zone out."  <u>See</u> <u>Ziarko v.</u>

<u>Soo Line R. Co.</u>, 161 Ill.2d 267, 273 (1994) (defining willful and

wanton acts as including intentional acts and acts exhibiting a

reckless disregard for the safety of others), quoting <u>Schneiderman v.</u>
<u>Interstate Transit Lines, Inc.</u>, 394 Ill. 569, 583 (1946).

Plaintiff also attached to his Administrative Claim the
complaint filed in the state court lawsuit which included claims for
Wrongful Death-Willful and Wanton Conduct (Count IV), Survival-
Willful and Wanton Conduct (Count V), and Family Expenses-
Willful and Wanton Conduct (Count VI).  <u>See</u> d/e 23-3, pp. 2-18
(Bates stamped "USA 00308" through "USA 00324").  This
information further put the agency on notice that, at the very least,
Plaintiff was alleging willful and wanton conduct.

The fact that the Administrative Claims used the term
"negligent" is merely surplusage.  <u>See</u>, <u>e.g.</u>, <u>Rooney v. United States</u>,
634 F.2d 1238, 1242 (9th Cir. 1980) (finding that the portion of the
claim stating that the plaintiff was "'negligently and carelessly
treated' . . . [was] surplusage  [and] gratuitously informed the
Government of a legal theory upon which he was basing his claim"
but that the plaintiff was not jurisdictionally limited by that
language).  In addition, as noted above, willful and wanton conduct

is not a separate tort but is considered an aggravated form of negligence under Illinois law.  <u>Krywin</u>, 238 Ill. 2d at 235.

In sum, Plaintiff put the FDIC on notice of a specific tortious action by its employee, Mr. Gregg.  The claims for intentional infliction of emotional distress and willful and wanton conduct based on that specific tortious action are readily apparent to a legally sophisticated reader.  Therefore, Plaintiff's claims for intentional infliction of emotional distress and willful and wanton conduct have been exhausted.  <u>See</u>, <u>e.g.</u>, <u>Chess v. Pindelski</u>, 2010 WL 234992 at *5 (N.D. Ill. Jan. 15, 2010) (finding that allegation in the claimant's Form 95 asserting that the claimant was attacked by a mentally ill inmate was sufficient to exhaust a negligent-monitoring claim); <u>see also</u> <u>Dynamic Image Technologies, Inc. v. United States</u>, 221 F.3d 34 (1st Cir. 2000) (holding that "as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement").

**B.   Motion to Strike Request for Attorney's Fees is Denied**

Defendant also seeks to strike Plaintiff's request for "recover of all costs and any reasonable attorneys' fees."  Motion, d/e 10, p. 2. Defendant argues that attorney's fees are not recoverable from the United States pursuant to the FTCA.

In his response, Plaintiff acknowledges that attorney's fees in FTCA cases are payable from the amount of recovery and the FTCA does not contain an express waiver of sovereign immunity necessary to permit a court to award attorney's fees against the United States directly under the Act.  Plaintiff argues, however, that his Complaint requests "recovery of all costs and any recoverable attorneys' fees" and not "reasonable fees" as stated by Defendant. Plaintiff asserts that the prayer for relief is, therefore, proper and should not be stricken.

The FTCA caps attorney's fees at 25% of any judgment and 20% if the case is settled.  28 U.S.C. § 2678.  The fees are deducted from the plaintiff's recovery, and the United States does not cover any part of a prevailing plaintiff's attorney's fees.  <u>Johnson v. Daley</u>, 339 F.3d 582, 588 (7th Cir. 2003).

The Court notes, however, that under the Equal Access to Justice Act, the United States is liable for attorney's fees and expenses to the same extent that any other party would be liable under the common law. 28 U.S.C. § 2412(b). The federal common law generally permits an award of attorney's fees when the losing party acted in bad faith, vexatiously, wantonly, or for oppressive reasons. <u>Stive v. United States</u>, 366 F.3d 520, 521 (7th Cir. 2004) (reversing award of attorney's fees under § 2412(b) in a FTCA case because the United States' defense was not frivolous). Therefore, because Plaintiff could have a claim for attorney's fees, the Motion to Strike Prayer for Attorney's Fees is denied.

## V. CONCLUSION

For the reasons stated, Defendant United States of America's Motion to Dismiss Counts IV, V, VI, VIII, and X of Plaintiff's Complaint (d/e 9) is DENIED and the Motion to Strike Prayer for Attorney's Fees (d/e 10) is DENIED. Defendant shall file, on or before April 21, 2014, an amended answer to Plaintiff's Complaint responding to all of the Counts.

ENTER: April 4, 2014

FOR THE COURT:

                                      s/Sue E. Myerscough

                                      SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE